IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FAYE A. FEATHER, o/b/o )
WILLIAM HOWARD, )
)
         Plaintiff, )
)
v. ) Civil Action No. 05-406J
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
         Defendant )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this _26th_ day of March, 2007, upon due consideration
of the parties' cross-motions for summary judgment pursuant to
plaintiff's request for review of the decision of the Commissioner
of Social Security ("Commissioner") denying plaintiff's
application for child's supplemental security income ("CSSI")
under Title XVI of the Social Security Act ("Act"), IT IS ORDERED
that the Commissioner's motion for summary judgment (Document No.
18) be, and the same hereby is, granted and plaintiff's motion for
summary judgment (Document No. 14) be, and the same hereby is,
denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an
obligation to weigh all of the facts and evidence of record and
may reject or discount any evidence if the ALJ explains the
reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d.
Cir. 1999). Where the ALJ's findings are supported by substantial
evidence, a reviewing court is bound by those findings, even if it

  AO 72
(Rev. 8/82)

would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

On February 11, 2004, Faye A. Feather ("plaintiff") filed an application for CSSI on behalf of her minor son, William T. Howard[1], alleging disability beginning July 4, 2003, due to diabetes mellitus and various emotional disorders. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on July 21, 2005, at which plaintiff and William, represented by counsel, appeared and testified. On July 27, 2005, the ALJ issued a decision finding that William is not disabled. On September 21, 2005, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Under the basic definition of disability for children set forth in the Act, an individual under the age of eighteen shall be considered disabled if that individual "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(i); see also 20 C.F.R. §416.906.

In determining whether a child is disabled under the Act, the

---

[1] William was seven years old and had completed first grade at the time of the hearing before the ALJ. (R. 20).

ALJ must determine in sequence: (1) whether the child is doing substantial gainful activity; (2) if not, whether the child has a severe impairment; (3) if so, whether the child's impairment meets, medically equals, or functionally equals the listing of impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §416.924(a).

In this case, the ALJ found William[2] not disabled at step 3. After reviewing William's medical records, school records, and teacher/counselor questionnaires, and considering the testimony of both William and plaintiff, the ALJ found that, although the evidence establishes that William suffers from the severe impairments of insulin dependent diabetes mellitus, migraine headaches, attention deficit/hyperactivity disorder, adjustment disorder, depressive disorder and oppositional defiant disorder, those impairments, alone or in combination, do not meet or medically equal the severity of any of the impairments listed in Appendix 1 of 20 C.F.R., Subpart P, Regulations No. 4, nor do they result in limitations that functionally equal the listings. As a result, the ALJ found that William is not disabled within the meaning of the Act.

Plaintiff raises a number of challenges to the ALJ's step 3 finding. Specifically, plaintiff contends that: (1) the ALJ erred in finding that William's impairments do not meet nor medically equal any listing; (2) the ALJ erred in finding that William's

---

[2]    It is undisputed that seven-year-old William was not engaged in substantial gainful activity at any time.  (R. 20).

impairments do not functionally equal any listing; (3) the ALJ failed to give controlling weight to medical evidence from William's treating physicians; and, (4) the ALJ failed to consider William's impairments in combination. After reviewing the record, this court is satisfied that the ALJ's findings are supported by substantial evidence.

At step 3 of the sequential evaluation process for children, the ALJ must determine whether a claimant's severe impairments meet, medically equal, or functionally equal a listed impairment. 20 C.F.R. §416.924(d). The regulations set forth specific rules for evaluating whether the claimant has an impairment that meets a listing (20 C.F.R. §416.925), medically equals a listing (20 C.F.R. §416.926) or functionally equals a listing (20 C.F.R. §416.926(a)).

First, plaintiff's challenge to the ALJ's finding that William's impairments do not meet nor medically equal any listed impairment is without merit. In making this finding, the ALJ adhered to the standards set forth in §§416.925 and 416.926. He identified the relevant listings for disorders of the endocrine system (109.00), for neurological disorders (111.00) and for mental and emotional disorders (112.00 et seq.), (R. 20), and set forth his rationale as to why William's impairments do not meet nor equal any of those listings. (R. 15-16).

Morever, in order to show that a medical condition meets or equals the severity of a listed impairment, a claimant must present medical findings which meet or equal in severity all of

- 4 -

the criteria for a listed impairment. <u>Sullivan v. Zebley</u>, 493 U.S. 521, 531 (1989). Here, plaintiff presented no evidence establishing that either William's diabetes mellitus nor any of his emotional disorders meet or equal all of the criteria for any one of the listings for such impairments. Thus, because plaintiff failed to produce such evidence, and the evidence which was before the ALJ does not support such a finding, the ALJ did not err in finding that William's impairments do not meet nor medically equal any listed impairment.

Plaintiff next contends that the ALJ erroneously found that William's impairments do not functionally equal the listings. Under the regulations, an impairment functionally equals the listings if it results in "marked" limitations[3] in two domains of functioning or an "extreme" limitation[4] in one domain. 20 C.F.R. §416.926a(a). The six domains of functioning to be considered in this evaluation are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. §416.926a(b)(1)(i)-(vi).

---

[3]. The regulations describe a "marked" limitation as "more than moderate" but "less than extreme." §416.926a(e)(2)(i). A "marked" limitation in a domain will be found "when your impairment(s) interferes <u>seriously</u> with your ability to independently initiate, sustain, or complete activities." <u>Id</u>.

[4]. An "extreme" limitation is a limitation that is "more than marked" but does not necessarily mean a total lack or loss of ability to function. §416.926a(e)(3)(i).

In this case, the ALJ determined that although William has "marked" limitations in the domain of health and physical well-being he has "less than marked" or "no" limitations in the other five domains. (R. 17-19). Accordingly, because the ALJ found no marked limitations in any two domains of functioning, or extreme limitations in any one, he concluded that William's impairments are not functionally equivalent in severity to any listed impairment.

Plaintiff contends that the record supports a finding that, in addition to marked limitations in the domain of health and physical well-being, William also suffers from marked limitations in two other domains: interacting and relating to others and caring for yourself. However, the court is satisfied that there is substantial evidence in the record supporting the ALJ's finding that William's limitations in these domains are less than marked.

The ALJ thoroughly discussed in his decision the relevant evidence of record in regard to the domains of interacting and relating to others and caring for yourself and indicated that he evaluated that evidence in light of the criteria set forth in §§416.926a (i) and (k) of the regulations. (R. 18-19). As to interacting and relating with others, although the ALJ did acknowledge that William sometimes is aggressive at home, especially with his siblings, he also noted that he was cooperative and followed directions when examined, that he has friends, that his kindergarten teacher reported that he did not have any behavior problems in school, and that his first grade

teacher indicated that he is attentive and shows signs of leadership skills (R. 18). Accordingly, the ALJ concluded that William's limitations in the domain of interacting and relating to others are less than marked. (Id.)

In the domain of caring for yourself, the ALJ noted that William is able to dress and bathe himself and, according to William's testimony, that he is able to check his own blood sugar levels. (R. 19). As a result, the ALJ concluded that William has no limitations in the domain of caring for yourself. The court has reviewed the record and is satisfied that the ALJ's findings of less than marked limitations in the domain of interacting and relating to others and no limitations in the domain of caring for yourself are supported by substantial evidence.

Thus, even though William suffers from marked limitations in the domain of health and physical well-being, there is substantial evidence in the record supporting the ALJ's findings of less than marked limitations in the remaining domains. As a finding of functional equivalence requires marked limitations in at least two domains, the ALJ's finding that William's impairments do not functionally equal the listings must be affirmed.

Plaintiff's final two arguments are wholly without merit. First, plaintiff suggests that the ALJ improperly evaluated the medical evidence, in particular, unidentified opinion evidence from William's treating physicians. Plaintiff fails, though, to point to any specific report from any specific physician which would support a finding of disability. Instead, plaintiff simply

refers to reports diagnosing William with diabetes mellitus and with various emotional disorders. However, it is well-settled that disability is not determined merely by the presence of impairments, Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991), and there is not a scintilla of medical evidence in the record from any source so much as suggesting that William's diagnosed impairments result in limitations which would render him disabled within the meaning of the Act.

Moreover, it is clear from a review of the ALJ's decision that he adhered to the appropriate standards in evaluating all of the evidence, including the medical evidence, (R. 15-16; 19), and, based upon his review of the entire record, concluded that William's impairments, while severe, do not meet, medically equal, nor functionally equal any of the listings. The court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Finally, plaintiff's argument that the ALJ failed to consider the limiting effects of plaintiff's impairments in combination is belied by the record. The ALJ expressly noted that, in determining whether William's impairments equal, medically equal or functionally equal any listing, he "assessed the interactive and cumulative effects of all medically determinable impairments, including any impairments that are 'severe' and/or 'not severe'." (R. 15). In addition, the ALJ explicitly stated that, when deciding whether William has "marked" or "extreme" limitations in the various domains of functioning, he "considered the child's

functional limitations resulting from all impairments, including their interactive and cumulative effects." (R. 16). A review of the ALJ's decision confirms that his analysis considered all of William's impairments in combination and his resulting conclusions are supported by substantial evidence.

After carefully and methodically considering all of the evidence of record, the ALJ determined that William is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:  J. Kirk Kling, Esq.
     630 Pleasant Valley Boulevard, Suite B
     Altoona, PA 16602

     John J. Valkovci, Jr.
     Assistant U.S. Attorney
     319 Washington Street
     Room 224, Penn Traffic Building
     Johnstown, PA 15901